**Jose CENTENO, Plaintiff–Appellant,**

v.

**NEW YORK CITY, Health & Home-care/Health Hospitals Co., Kings County Hospital, Defendants–Appellees.**

No. 05–3268–CV.

United States Court of Appeals, Second Circuit.

Jan. 31, 2006.

Jose Centeno, Brooklyn, New York, for Plaintiff–Appellant, pro se.

Pamela Seider Dolgow, Assistant Corporation Counsel, City of New York Law Department, New York, New York, for Defendants–Appellees.

PRESENT: Hon. JOHN M. WALKER, Jr., Chief Judge, Hon. RALPH K. WINTER, and Hon. SONIA SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED** that the judgment of the district court be and it hereby is **AFFIRMED.**

Plaintiff–Appellant Centeno appeals from the district court's May 12, 2004, order (Raymond J. Dearie, *Judge*) adopting the magistrate judge's (Lois Bloom, *Magistrate Judge*) report and recommendation and dismissing plaintiff's Title VII race discrimination claim, 42 U.S.C. § 2000e *et seq.*, on summary judgment against defendants-appellees. We assume familiarity with the facts and procedural history of this case.

Title VII claims are evaluated under the framework of *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802–05, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). Under that standard, plaintiff must first show that he is a member of a protected class, he was qualified for the job for which he applied, he suffered an adverse employment action, and the circumstances give rise to an inference of discrimination. *Id.* The employer may then offer a legitimate, non-discriminatory reason for its employment decisions. If it does so, the employee may prevail only if he offers evidence that the allegedly legitimate reason was in reality a pretext for discrimination. *Id.*

Even assuming plaintiff has met his initial burden, he has failed to allege any evidence from which a reasonable fact finder could infer that the reasons offered by defendants were mere pretexts for discrimination. Defendants have offered a variety of legitimate reasons for their hiring decisions. Plaintiff's conclusory allegations to the contrary do not create a genuine issue of material fact on this point. Summary judgment was therefore appropriate. *See Terry v. Ashcroft*, 336 F.3d 128, 137 (2d Cir.2003).

We have carefully considered plaintiff's remaining contentions and find them without merit.

For the reasons set forth above, the judgment of the District Court for the

Eastern District of New York is hereby **AFFIRMED.**